OPINION *Page 2 
{¶ 1} Defendant-Appellant Ronnie Lee Matthews ("Matthews") appeals from the February 6, 2008 Judgment Entry of Conviction and Sentencing of the Court of Common Pleas, Allen County, Ohio, sentencing him to a prison term of 12 months for the charge of Breaking and Entering, a felony of the fifth degree in violation of Ohio Revised Code section 2911.13(A).
 {¶ 2} This matter stems from events occurring on or about August 30, 2007 in Lima, Ohio. On this date Barbara Beggs observed two men enter a house located at 910 Florence Avenue. This house was owned by Debra and Charles Barker, but they were not residing there and the house was unoccupied on the date of this incident. Instead, the Barkers were living in an apartment because their home had collapsed in June 2007 as a result of construction work being performed on it. The house had been boarded up, secured with plywood and two by fours fastened with screws, and there was police tape around the house. However, most of the Barkers' personal belongings including furniture, appliances, and clothing were still in the house and Charles would go by the house daily to ensure that the windows and doors were still boarded up and secured.
 {¶ 3} After observing the two men enter the house, Beggs called Debra Barker and advised that she saw two men enter the Barkers' house. Debra called *Page 3 
the police and then she and Charles drove to their house on Florence. When they arrived, Debra went to the back of the house and Charles went to the front whereupon Charles threw a rock at the door and called for whoever was in the house to come out. At this time, Matthews exited the house carrying a tan bag that contained clothes belonging to the Barkers.[1] Shortly thereafter, Officer Thompson of the Lima Police Department arrived at 910 Florence Avenue and placed Matthews under arrest.
 {¶ 4} On October 11, 2007 an Allen County Grand Jury returned an indictment charging Matthews with one count of Breaking and Entering, a felony of the fifth degree in violation of R.C. 2911.13(A). The indictment specifically provided, in relevant part, as follows:
 [o]n or about the 30th day of August, 2007 at Allen County Ohio, Ronnie Lee Matthews . . . did by force, stealth, or deception, trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony; in violation of the Ohio Revised Code Section 2911.13(A), a felony of the 5th degree . . .
 {¶ 5} On October 19, 2007 Matthews appeared for his arraignment and entered a plea of not guilty to the charge contained in the indictment. On November 6, 2007 the court conducted a pre-trial hearing and set this matter for a jury trial on January 8, 2008. However, Matthews failed to appear for the jury *Page 4 
trial and the trial court issued a bench warrant for his arrest. Matthews was arrested pursuant to the warrant on or about January 9, 2008.
 {¶ 6} This matter proceeded to a jury trial on February 5, 2008. At the close of the State's case, Matthews moved for a Criminal Rule 29 Motion for Acquittal on the charge contained in the indictment. The trial court overruled Matthews' motion and the matter proceeded to Matthews' case-in-chief.
 {¶ 7} At the close of all of the evidence, the jury found Matthews guilty of the charge of Breaking and Entering in violation of R.C. 2911.13(A) as charged in the indictment. This matter proceeded immediately to sentencing pursuant to R.C. 2929.19 whereupon the trial court sentenced Matthews to a prison term of 12 months for his conviction of Breaking and Entering and ordered Matthews to pay all costs of prosecution. Matthews was granted 28 days jail time credit.
 {¶ 8} Matthews now appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE INDICTMENT FILED AGAINST THE DEFENDANT WAS DEFECTIVE IN THAT IF (SIC) FAILED TO INCLUDE THE CULPABLE MENTAL STATE REQUIRED FOR THE COMMISSION OF THE OFFENSE CHARGED.
 {¶ 9} In his assignment of error, Matthews alleges that his indictment was defective for failing to allege the applicable culpable mental state of "knowingly" for the element of trespass as contained in the offense of Breaking and Entering. *Page 5 
In support of his allegation, Matthews relies on the recent Ohio Supreme Court case of State v. Colon (2008), 118 Ohio St.3d 26, 2008-Ohio-1624.
 {¶ 10} In Colon, the Ohio Supreme Court addressed the issue of whether a defect in an indictment is waived by a defendant on appeal when the indictment failed to specify a required mens rea element of the crime and the defendant failed to object to the defective indictment in the trial court. Colon, 118 Ohio St.3d at 27. In Colon, a Cuyahoga County Grand Jury returned an indictment charging the defendant with Robbery in violation of R.C. 2911.02(A)(2) as follows: "in attempting or committing a theft offense, as defined in Section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense upon [the victim, the defendant did] inflict, attempt to inflict, or threaten to inflict physical harm on [the victim]." Id. at 27. The Court noted that although the robbery statute did not expressly state the degree of culpability required for subsection (2), the mental state of the offender is a part of every criminal offense in Ohio, except those that plainly impose strict liability. Id. at 28. Additionally, the Court noted that R.C. 2901.21(B) addresses statutes that do not expressly state a culpable mental state and provides that recklessness is the culpable mental state for criminal statues that fail to mention any degree of culpability, except for statutes where there is a plainly indicated purpose for strict liability to apply. Id. *Page 6 
 {¶ 11} In Colon, the Ohio Supreme Court determined that Colon's indictment omitted an essential element of the crime of Robbery by failing to charge a mens rea; specifically, that the defendantrecklessly inflicted, attempted to inflict, or threatened to inflict physical harm. Therefore, because the indictment failed to charge a mens rea element, the Court held that the error was a structural error and constitutional defect that did not require an objection at the trial court in order to preserve the issue on appeal. Colon, supra.
 {¶ 12} In the present case, Matthews was indicted on one count of Breaking and Entering pursuant to R.C. 2911.13(A) which provides that "[n]o person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit any theft offense, as defined in section 2913.01 of the Revised Code, or any felony."[2] The offense of Criminal Trespass is set forth in R.C. 2911.21 which provides, in relevant part, that "[n]o person, without privilege to do so, shall do any of the following: [k]nowingly enter or remain on the land or premises of another."
 {¶ 13} Matthews argues that based on Colon, his indictment was flawed because it did not set forth the mens rea element associated with the element of trespass contained in the charge of Breaking and Entering. Specifically, *Page 7 
Matthews argues that the failure of the indictment to define "trespass," including that it was done knowingly, renders the indictment defective pursuant to Colon.
 {¶ 14} However, an examination of the facts of this case reveals that the present case does not involve the R.C. 2901.21(B) scenario at issue in Colon which led to the Supreme Court of Ohio's determination in that case that the indictment was defective. As previously stated, the defendant in Colon was charged with Robbery in violation of R.C. 2911.02(A)(2) which does not specify a mental state for the act of inflicting, attempting to inflict, or threatening to inflict physical harm. In Colon, the prosecution conceded that their indictment was defective, presumably because it did not specify recklessness as the "default" mens rea pursuant to R.C. 2901.21(B).
 {¶ 15} However, in the present case, the State did not concede that the indictment was defective. In fact, Matthews' indictment mirrored the statutory language of R.C. 2911.13 when it alleged that Matthews "did by force, stealth, or deception, trespass in an unoccupied structure, with purpose to commit therein any theft offense." Our review of the record reveals that Matthews was provided with adequate notice of the crime he was charged with, the specific details of the crime it was alleged he committed, and the manner in which it was alleged to have been committed. Furthermore, at trial, Matthews conceded that he clearly trespassed on the Barkers' property, but raised the defense that he did not do so by *Page 8 
force, stealth or deception and that he had no purpose to commit a theft offense therein as he believed the property inside to be abandoned. Additionally, we note that during closing argument, Matthews' counsel argued to the jury that they should find Matthews guilty of Criminal Trespass and not Breaking and Entering.
 {¶ 16} The present case can be further distinguished fromColon. In Colon, the majority opinion emphasized that the defective indictment "resulted in several violations of the defendant's constitutional rights" including the trial court's failure to properly instruct the jury on the required mens rea for the offense of robbery, and the State's characterization of the offense of robbery as a strict-liability offense when presenting closing argument to the jury.Colon, supra at 32. The Ohio Supreme Court also noted that "[i]t is not an unreasonable burden to require counsel for the state to ensure that the defendant receives the benefit of his fundamental constitutional protections, nor is it unreasonable to expect a trial judge to properly instruct the jury regarding all the elements of the crime with which the defendant is charged." Id. at 35. The Court then held that "[w]hen a defective indictment so permeates a defendant's trial such that the trial court cannot reliably serve its function as a vehicle for determination of guilt or innocence, the defective indictment will be held to be structural error." Id.
 {¶ 17} However, in the present case, Matthew's allegedly defective indictment did not "so permeate" the trial such as in Colon. In fact, contrary to *Page 9 
the situation in Colon, counsel for the State specifically argued to the jury that the facts supported a finding of trespass. Moreover, during closing argument, counsel for the State pointed out to the jury the elements of "trespass" and "purpose" as contained in the definition of Breaking and Entering and stated:
 The next ones are more of the meat of the offense. That's basically that we have to show you that by force, stealth, or deception the defendant trespassed into an unoccupied structure with the purpose to commit a theft offense therein. Now, the Judge is going to define all of those, but just briefly for you, well, we have a trespass. Okay? That's knowingly entering into a structure without the authority or consent to do so. You heard the undisputed testimony of both Mr. and Mrs. Barker that they gave no one permission to go into their home and, in fact, they took steps to try and prevent people from coming into their home for a variety of reasons.
 * * *
 With purpose to commit a theft offense. Well, the Barkers testified that, lo and behold, the defendant leaves the house with this bag, which Mr. Barker told you wasn't his [the defendant's]. * * * The defendant was trying to leave that house with these items.
(Transcript ("Tr.") of February 5, 2008 Jury Trial, p. 116).
 {¶ 18} Additionally, when providing instructions to the jury, the trial court advised the jury of the elements of Breaking and Entering. The court also gave a specific instruction that defined "trespass", including the instruction that it must be done "knowingly" wherein the court advised the jury as follows:
 Trespass. Any entrance or remaining in, knowingly made, in a structure, residence, dwelling, or building of another is unlawful if it is without authority, consent, or privilege to do so. *Page 10 
 Knowingly. A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.
 Since you cannot look into the mind of another, knowledge is determined from all of the facts and circumstances in evidence. You will determine from the facts and circumstances whether there existed at the time in the mind of the defendant an awareness of the probability that his entrance or remaining in the structure was without authority, consent, or privilege to do so.
 Purpose. Purpose to commit a theft offense in the structure is an essential elements of the crime of Breaking and Entering.
 Now, a person acts purposely when it is their specific intention to cause a certain result. It must be established in this case that at the time in question there was present in the mind of the defendant a specific intention to commit any theft offense or felony in the structure.
(Tr. p. 131).
 {¶ 19} Based on the foregoing, we find that the facts of the present case can be distinguished from Colon and therefore do not warrant a finding of structural error in this case.
 {¶ 20} Finally, in the absence of structural error, we note that this court need not consider an error which was not called to the attention of the trial court at a time when such error could have been avoided or corrected by the trial court. State v. Joseph (1995), 73 Ohio St.3d 450,455, 653 N.E.2d 285. In the present case, the record reflects that Matthews never challenged the sufficiency of this *Page 11 
indictment at any time before or during his trial. Where a defendant fails to object to the form of the indictment before trial as required by Crim. R. 12(C), he waives all but plain error. State v.Van Voorhis, 3rd Dist. No. 8-07-23, 2008-Ohio-3224 citingState v. Frazier (1995), 73 Ohio St.3d 323, 332, 652 N.E.2d 1000;State v. Skatzes, 104 Ohio St.3d 195, 819 N.E.2d 215.[3]
 {¶ 21} Pursuant to Crim. R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." State v. Barnes (2002), 94 Ohio St.3d 21, 27,759 N.E.2d 1240. In Barnes, the Ohio Supreme Court articulated a three part test for the finding of plain error:
 First, there must be an error, i.e. a deviation from a legal rule. Second, the error must be plain. To be "plain" within the meaning of Crim. R. 52(B), an error must be an "obvious" defect in the trial proceedings. Third, the error must have affected "substantial rights." We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial.
Barnes, 94 Ohio St.3d at 27 (internal citations omitted). Thus, "[o]nly extraordinary circumstances and the prevention of a miscarriage of justice warrant a finding of plain error." State v. Brown, 3rd Dist. No. 8-02-09, 2002-Ohio-4755 citing State v.Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804 at paragraph three *Page 12 
of the syllabus. Plain error does not exist unless, but for the error, the outcome at trial would have been different. State v. Joseph (1995),73 Ohio St.3d 450 at 455.
 {¶ 22} Our review of the record reveals that there is nothing to suggest that the outcome of the trial would have been different had the indictment specifically spelled out the definition of the word "trespass." Accordingly, Matthews' sole assignment of error is overruled.
 {¶ 23} Based on the foregoing, the February 6, 2008 Judgment Entry of Conviction and Sentencing of the Allen County Court of Common Pleas is affirmed.
Judgment Affirmed.
 PRESTON and ROGERS, J.J., concur.
[1] The record reflects that a second man also exited the Barkers' house but he ran off down an alley and was not apprehended.
[2] We note that R.C. 2911.10 addresses trespass as an element of an offense and provides that "[a]s used in sections 2911.11 to 2911.13 of the Revised Code, the element of trespass refers to a violation of section 2911.21 of the Revised Code."
[3] We note that these cases were decided under a prior version of Crim. R. 12, citing specifically to Crim. R. 12(B)(2). However, Crim. R. 12(C)(2) now contains a substantially similar provision. *Page 1