OPINION *Page 2 
{¶ 1} James T. Chatfield, defendant-appellant, appeals from the February 26, 2008, Judgment Entry of Conviction of the Licking County Court of Common Pleas.
 {¶ 2} This matter stems from events occurring in late November, 2007, in Licking County, Ohio. Two gas stations, one in Alexandria and one in Etna, were broken into or vandalized after closing but the perpetrators eluded the police. Portions of the break-in at the Alexandria location were recorded by the station's surveillance camera. In addition, a police cruiser camera recorded a traffic stop following the Alexandria break-in but the vehicle left the scene and a chase ensued.
 {¶ 3} After the Etna incident in the evening of November 30, 2007, defendant and another individual, Christopher Carter, were apprehended by police in Franklin County as suspects after they had successfully eluded police in Licking County.
 {¶ 4} Defendant was indicted on one count of breaking and entering, in violation of R.C. 2911.12(A) and/or (B), a felony of the fifth degree; one count of attempted breaking and entering, in violation of R.C. 2923.02(A) and/or (B), a misdemeanor of the first degree; and one count of criminal damaging, in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree.
 {¶ 5} The indictment specifically provided, in relevant part, as follows:
 {¶ 6} "James L. Chatfield, on or about the 24th day of November, 2007, in the County of Licking aforesaid or otherwise venued in Licking County pursuant to Ohio Revised Code Section 2901.12, did by force, stealth, or deception, trespass in an unoccupied structure with purpose to commit therein any theft offense as defined in section 2913.01 of the Revised Code, or any felony, and/or did trespass on the land or *Page 3 
premises of another with purpose to commit therein a felony, in violation of Section 2911.13(A) and/or (B) of the Ohio Revised Code, a felony of the fifth degree * * *."
 {¶ 7} Defendant was tried by jury on February 25-26, 2008, and found guilty as charged. On February 26, 2008, the trial court sentenced the defendant to six months in prison on the breaking and entering charge; 180 days in jail on the attempted breaking and entering charge; and 90 days in jail on the criminal damaging charge. All sentences were run concurrent.
 {¶ 8} Defendant filed a timely notice of appeal.
 {¶ 9} Defendant raises two Assignments of Error:
 {¶ 10} "I. THE TRIAL COURT COMMITTED PLAIN AND HARMFUL ERROR IN FAILING TO PROVIDE THE JURY WITH THE PROPER INSTRUCTIONS TO DECIDE THE CASE BELOW. [TR. V. II, P. 227-28, 243.]
 {¶ 11} "II. THE CONVICTION OF THE DEFENDANT-APPELLANT WAS IN VIOLATION OF HIS CONSTITUTIONAL RIGHT TO A GRAND JURY INDICTMENT AND IN VIOLATION OF THIS OHIO AND UNITED STATES CONSTITUTIONAL RIGHTS TO DUE PROCESS AS THE INDICTMENT OMITTED AN ELEMENT OF THE OFFENSE. [INDICTMENT FILED DECEMBER 7, 2007, ATTACHED AS EXHIBIT A.]"
 {¶ 12} In the first assignment of error, Defendant asserts the trial court committed plain error in failing to include an instruction on accomplice testimony pursuant to R.C. 2923.01(H)[1] and 2923.03(D).
 {¶ 13} R.C. 2923.03(D) provides: *Page 4 
 {¶ 14} "If an alleged accomplice of the defendant testifies against the defendant in a case in which the defendant is charged with complicity in the commission of or attempt to commit an offense, an attempt to commit an offense, or an offense, the court, when it charges the jury, shall state substantially the following:
 {¶ 15} "The testimony of an accomplice does not become inadmissible because of his complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of a witness may affect his credibility and make his testimony subject to grave suspicion, and require that it be weighed with great caution.
 {¶ 16} "It is for you, as jurors, in the light of all the facts presented to you from the witness stand, to evaluate such testimony and to determine its quality and worth or its lack of quality and worth."
 {¶ 17} The record reflects Defendant did not request the above instruction at trial or object to the jury charge. Accordingly, Defendant concedes he has waived all but plain error with respect to the "grave suspicion" instruction.
 {¶ 18} In Ohio, Crim. R. 52 gives appellate courts narrow power to correct errors that occurred during the trial court proceedings. Crim. R. 52 provides:
 {¶ 19} "(A) Harmless error
 {¶ 20} "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.
 {¶ 21} "(B) Plain error
 {¶ 22} "Plain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." *Page 5 
 {¶ 23} Plain error does not exist unless, but for the error, the outcome of the trial would have been different. State v. Moreland
(1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894. "Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus.
 {¶ 24} At trial, the State presented the testimony of Christopher Carter. Carter testified that on November 30, 2007, he and the defendant threw a rock and tried to bust the window at the Etna gas station but was unsuccessful so they left in their vehicle. After driving around, they were followed and then pursued by the police into the City of Columbus where they were subsequently apprehended by Columbus police. Carter testified the Defendant planned the break-in and obtained the vehicle. Their goal was to steal cartons of cigarettes and sell them.
 {¶ 25} Carter further testified about the earlier break-in at the Alexandria gas station. He testified the Defendant was successful in breaking the window with a rock and they "grabbed all the cartons of cigarettes we could" and tossed them in a trash can. T. at 165. Although they were pursued by the Johnstown police, they escaped in their vehicle.
 {¶ 26} The prosecutor then questioned Carter as follows:
 {¶ 27} "Q: * * * As a result of these incidents, you've been charged with a number of — — criminal offenses, correct?
 {¶ 28} "A: Yes, sir.
 {¶ 29} "Q: Okay. And have you been convicted of those charges yet? *Page 6 
 {¶ 30} "A: No, sir.
 {¶ 31} "Q: Okay. What, if anything, do you stand to gain by testifying here today?
 {¶ 32} "A: Hopefully some leniency.
 {¶ 33} "Q: Okay. Has there been any kind of plea arrangement or anything made?
 {¶ 34} "A: No, sir.
 {¶ 35} "Q: Okay.
 {¶ 36} "A: I mean, other than — 1 mean, other than plea arrangement, I mean, I'm hoping to get less time.
 {¶ 37} "Q: Okay. Well, has there been any discussion of how much — — how much time you would get?
 {¶ 38} "A: Two years, approximately.
 {¶ 39} "Q: "Okay. And that's something the State's recommending or would be willing to recommend?
 {¶ 40} "A. Yes.
 {¶ 41} "Q: Okay. Okay. Has anything been promised to you in regard to that sentence, though?
 {¶ 42} "A: No, sir.
 {¶ 43} "Q: Okay. You're aware that that could change if the judge decides not to do that, correct?
 {¶ 44} "A: Yes, I do."
 {¶ 45} T. at 174. *Page 7 
 {¶ 46} On cross-examination, Carter admitted he is a crack cocaine addict and that his memory is impaired due to drug abuse. He met the Defendant at a drug house. Carter testified he was charged with several felonies for the incidents at issue and was facing in excess of seven years in prison. He was hoping for leniency if he told the truth. T. at 180.
 {¶ 47} The State contends that R.C. 2923.03(D) does not apply because the Defendant was not charged with complicity, so no error occurred at trial. We disagree.
 {¶ 48} R.C. 2923.03(F) states:
 {¶ 49} "Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted as if he were a principal offender. A charge of complicity may be stated in terms of this section, or in terms of the principal offense.
 {¶ 50} The State concedes both the defendant and Carter were indicted for criminal offenses stemming from the gas station break-ins. Thus, both were charged directly for the underlying crimes and R.C. 2923.03(F) applies. See, State v. Lett, 160 Ohio App.3d 46, 50, 825 N.E.2d 1158,2005-Ohio-1308 ("Ohio law does not require complicity or conspiracy to be charged in the indictment in every instance. * * *. A charge of complicity may be stated in terms of the principal offense.") See also,State v. Leonard, 6th Dist. No. CR-01-1830, 2003-Ohio-3100 (R.C. 2923.03(F) applies to testimony of co-defendant although appellant was not charged with complicity).
 {¶ 51} It is undisputed in the present case that no "grave suspicion" instruction was given to the jury. However, the failure to instruct under R.C. 2923.03(D) does not automatically give rise to a finding of plain error if "[t]here is a sufficient amount of evidence in the record, independent of any accomplice testimony, which supports a *Page 8 
conviction of these charges on appellant's action alone." State v.Crawford, 10th Dist. No. 01AP-1428, at ¶ 27, 2003-Ohio-1447, citingState v. McKinney (Mar. 6, 1990) Franklin App. No. 89AP-466. "Plain error will not be found unless the defendant establishes that the outcome of the trial clearly would have been different but for the trial court's error." Id. at ¶ 28 (Citation omitted).
 {¶ 52} Upon careful review of the record, we find that although the trial court erred in failing to charge the jury with the mandatory instruction under R.C. 2923.03(D), there was sufficient evidence presented linking Defendant to the crimes in the absence of Carter's testimony. For instance, the combination of the store and police cruiser videos (State's Exhibits 1 and 21), the photo of the Defendant (State's Exhibit 34), and the in-court identification by Deputy Campbell (T. at 121-122) following the Etna store break-in and hot pursuit, corroborated Carter's testimony. Although there were no fingerprints or DNA linking Defendant to the crimes, there was sufficient evidence in the form of video evidence which could support a conviction on the charges. Accordingly, we do not find plain error in the trial court's failure to given the instruction on accomplice testimony.
 {¶ 53} In his second assignment of error, Defendant argues his indictment for the offense of breaking and entering under R.C. 2911.03
is structurally defective because it omits the culpable mental state for the element of trespass. Specifically, Defendant claims the indictment fails to state if he did "knowingly," "purposely," "recklessly" or "negligently" trespass to commit the theft offense or other felony.
 {¶ 54} We note Defendant never challenged the sufficiency of the indictment at any time before or during his trial. Defendant relies uponState v. Colon, *Page 9 118 Ohio St.3d 26, 885 N.E.2d 917, 2008-Ohio-1624, at the syllabus ("Colon l") ("[w]hen an indictment fails to charge a mens rea element of a crime and the defendant fails to raise that defect in the trial court, the defendant has not waived the defect in the indictment.").
 {¶ 55} R.C. 2911.03, Breaking and Entering, states:
 {¶ 56} "(A) No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony.
 {¶ 57} "(B) No person shall trespass on the land or premises of another, with purpose to commit a felony.
 {¶ 58} "(C) Whoever violates this section is guilty of breaking and entering, a felony of the fifth degree."
 {¶ 59} The State contends R.C. 2911.03(A) and (B) expressly provides the culpable mental element of "purposely" and the indictment sufficiently tracks the statutory language of the offense. The State further contends there is no constitutional requirement that the State explicitly provide the culpable mental states of each element (i.e. trespass) that collectively make up the offense charged in the indictment.
 {¶ 60} As an initial matter, we note the State does not mention in its brief the application of R.C. 2911.10, which addresses trespass as an element of an offense and provides that "[a]s used in sections 2911.11
to 2911.13 of the Revised Code, the element of trespass refers to a violation of section 2911.21 of the Revised Code."
 {¶ 61} The offense of criminal trespass is set forth in R.C. 2911.21
which provides, in relevant part, that "[n]o person, without privilege to do so, shall do any of the following: [k]nowingly enter or remain on the land or premises of another." *Page 10 
 {¶ 62} Thus, the mens rea to commit the offense of trespass, as incorporated into the breaking and entering statute, is "knowingly". We agree with defendant that the indictment issued against him did not allege that he trespassed knowingly. The issue before us whether this failure amounts to a defective indictment which led to structural error in the proceedings below.
 {¶ 63} The structural-error analysis for defective indictments is "appropriate only in rare cases * * * in which multiple errors at trial follow the defective indictment. State v. Colon, 119 Ohio St.3d 204,893 N.E.2d 169, 2008-Ohio-3749, ¶ 8 ("Colon II").[2]
 {¶ 64} In this case, the State does not concede defendant's indictment was defective. There also is no dispute the indictment mirrors the statutory language of R.C. 2911.13. Furthermore, the mental state required by trespassing, namely, knowingly — is incorporated by reference into the breaking and entering statutes pursuant to R.C. 2911.10.
 {¶ 65} "An indictment that tracks the language of the charged offense and identifies a predicate offense by reference to the statute number need not also include each element of the predicate offense in the indictment." State v. Buehner, 110 Ohio St.3d 403, 853 N.E.2d 1162,2006-Ohio-4707, syllabus.
 {¶ 66} "An indictment meets constitutional requirements if it `first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Id. at ¶ 9. (Citations omitted). *Page 11 
 {¶ 67} See also, State v. Matthews, 3rd Dist. No. 1-08-05,2008-Ohio-5407, ¶ 15 (the failure to define "trespass," including that it was done knowingly, does not render the indictment for Breaking and Entering, R.C. 2911.13(A) defective when the record reveals the defendant was provided with adequate notice of the crime he was charged with, the specific details of the crime it was alleged he committed, and the manner in which it was alleged to have been committed.)
 {¶ 68} We also observe that the trial court instructed the jury as to the element of trespass, as follows:
 {¶ 69} "Trespass. Any entrance, knowingly made, in a building of another is unlawful if it is without authority, consent, or privilege to do so. Knowingly means that the Defendant was aware of what he was doing and of his lack of authority or privilege."
 {¶ 70} T. at 229-230.
 {¶ 71} Thus, trial court correctly informed the jury as to the definition of trespass, including the instruction that it must be done "knowingly". Defendant did not object.
 {¶ 72} We find the indictment was not defective, and even assuming it was, the record presented to us does not lead us to conclude that multiple errors occurred and caused the kind of basic unfairness amounting to structural error.
 {¶ 73} As structural error is not present in this case, this Court may analyze the error in this case pursuant to the Crim. R. 52(B) plain-error analysis set forth previously.
 {¶ 74} Our review of the record leads us to conclude that there is nothing to suggest that the outcome of the trial would have been different had the indictment specifically included the culpable mental state of trespass as incorporated into the *Page 12 
breaking and entering charge, particularly in light of the jury instructions on the trespass element of breaking and entering.
 {¶ 75} Defendant's second assignment of error is overruled.
 {¶ 76} Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.
 Delaney, J., Hoffman, P.J. and Farmer, J. concur. *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] This section applies to defendants charged with conspiracy to commit certain criminal offenses. We agree with the State this section is inapplicable to the present case. See, R.C. 2923.01(A).
[2] Pursuant to the Ohio Supreme Court's clarification in ColonII, defendant's indictment would not be affected by the Colon decisions because defendant was indicted with a statute not addressed byColon. See, State v. Day, 2nd Dist. No. 07-CA-139, 2009-Ohio-56;State v. Davis, 8th Dist. No. 90050, 2008-Ohio-3453. *Page 1