{¶ 22} I respectfully dissent from the majority's conclusion that the trial court properly dismissed the first count of burglary as having been defectively charged.
 {¶ 23} First, I believe that any discussion of State v. Colon,118 Ohio St.3d 26, 2008-Ohio-1624, and State v. Colon, 119 Ohio St.3d 204,2008-Ohio-3749, is immaterial, as the holdings in those cases are inapplicable to the instant issue. The Colon cases addressed structural and plain errors, and confined its holding to the specific facts of that case.
 {¶ 24} Second, I do not believe that the indictment charging burglary was defective for failure to enunciate the mens rea required.
 {¶ 25} The State conceded that the first indictment did not charge a mens rea. After Colon, in an abundance of caution, the State filed a supplemental indictment. The Ohio Supreme Court has held: "An indictment that tracks the language of the charged offense and identifies a predicate offense by reference to the statute number need not also include each element of the predicate offense in the indictment."State v. Buehner, 110 Ohio St.3d 403, 2006-Ohio-4707, at syllabus. R.C. 2911.10 clarifies: "As used in sections 2911.11 to 2911.13 of the Revised Code, the element of trespass refers to a violation of section 2911.21 of the Revised Code." Accordingly, the elements of criminal trespass in violation of R.C. 2911.21 are subsumed within a charge of burglary in violation of R.C. 2911.12.
 {¶ 26} The majority notes that the criminal trespass statute contains three culpable mental states. However, the case law addressing the trespass element of a burglary offense consistently does so specifically within the context of R.C. 2911.21(A)(1), which incorporates the culpable mental state of "knowingly." See, e.g., State v. Powell (1991),59 Ohio St.3d 62, 63; State v. Divincenzo, 9th Dist. No. 05CA0105-M,2006-Ohio-6330, at ¶ 35; State v. Hardy *Page 12 
(Apr. 26, 2000), 9th Dist. No. 19503; State v. Hesketh (July 8, 1998), 9th Dist. No. 18694. R.C. 2911.21(A)(1) provides that "[n]o person, without privilege to do so, shall *** [k]knowingly enter or remain on the land or premises of another[.]" See, also State v. Chatfield, 5th Dist. No. 2008CA0034, 2009-Ohio-856, at ¶ 62 (recognizing that "the mens rea to commit the offense of trespass, as incorporated into the breaking and entering statute[(R.C. 2911.12)], is "knowingly."). I agree that the culpable mental state relevant to a charge of burglary pursuant to R.C. 2911.12(A)(4) is knowingly. This interpretation comports with notions of fundamental fairness within the criminal justice system.
 {¶ 27} In addition, I believe that the elements in R.C. 2911.12(A) preclude the conclusion that the culpable mental state for burglary can ever be recklessly or negligently. The subsection requires that the defendant act "by force, stealth, or deception[.]" R.C. 2911.12(A). "Force" is "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A)(1). This Court has defined "stealth" in this context as "any secret, sly or clandestine act to avoid discovery and to gain entrance into or to remain within a residence of another without permission." State v.Trikilis, 9th Dist. Nos. 04CA0096-M, 04CA0097-M, 2005-Ohio-4266, at ¶ 31. In addition, Black's Law Dictionary defines "stealth" as "surreptitiousness; furtive slyness." Black's Law Dictionary (8 Ed. 2004) 1453. "Deception" is defined as "knowingly deceiving another or causing another to be deceived by any false or misleading representation, by withholding information, by preventing another from acquiring information, or by any other conduct, act, or omission that creates, confirms, or perpetuates a false impression as to law, value, state of mind, or other objective or subjective fact." R.C. 2913.01(A). The very nature of the conduct required to perform any of these actions rises above mere recklessness or negligence. *Page 13 
 {¶ 28} For the reasons enunciated above, I believe that the mens rea applicable to the trespass subsumed with a burglary is knowingly and that the indictment properly apprised Dobbins of the mens rea associated with the first count of burglary. Because count one remained viable, any discussion of count three, the supplemental burglary count, is moot. I would reverse, concluding that the trial court erred by dismissing count one. *Page 1