[Cite as *State v. Smiley*, 2013-Ohio-4495.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99486**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JAMES J. SMILEY

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-553453

**BEFORE:** McCormack, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** October 10, 2013

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Chief Public Defender

By: John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, OH 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Milko Cecez
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

TIM McCORMACK, J.:

{¶1}   James Smiley appeals from a judgment of the Cuyahoga Court of Common Pleas sentencing him to a six-month jail term for his conviction of attempted drug possession.   He claims the trial court erred in not granting him jail-time credit.   After a careful review of the record and applicable law, we affirm the court's judgment.

## Substantive Facts and Procedural History

{¶2}   The facts of this case are not in dispute.   On August 11, 2011, Smiley was arrested for drug abuse involving heroin.   He was subsequently indicted for drug possession, a fifth-degree felony, and possessing criminal tools — a spoon with heroin residue — a fifth-degree felony.   On September 9, 2011, Smiley failed to appear in court for his arraignment.   The court issued a capias for him.

{¶3}   A few weeks later, Smiley was arrested for an unrelated burglary case in Medina County, in Medina C.P. No. 1-CR-0447.   He was held in Medina County jail from September 26, 2011, to May 9, 2012, when he was transferred to a prison to complete his 18-month sentence in the case.[1]

{¶4}   A week into his prison term for the Medina case, on May 16, 2012, the Cuyahoga County Court of Common Pleas issued a capias and ordered Smiley's return

_____

[1]On October 19, 2011, while in Medina County jail, Smiley filed a "Motion for Notice of Availability," informing the court that he was in Medina County jail and requested a timely resolution of the present case.   Nothing was done, however, and on April 26, 2012, while still in the Medina jail, he filed a motion to dismiss, alleging speedy trial violations.   On May 16, 2012, Smiley filed another motion to dismiss.   Under a plea deal, however, he withdrew his motions to dismiss and pleaded guilty to a lesser offense of attempted drug possession.

from Medina County to Cuyahoga County in connection with the present case. For unknown reasons, the order was not carried out until six months later; on December 5, 2012, he was finally brought to the Cuyahoga County jail to face charges here.

{¶5} Smiley was held in Cuyahoga County jail until January 2, 2013. On that day, he pleaded guilty to attempted drug possession, a first-degree misdemeanor, and the court sentenced him to 180 days in jail, to run concurrently with the prison sentence he was already serving in the Medina case. The trial court specifically ordered that there would be no credit for time served in the Cuyahoga County jail; in the sentence entry the court stated: "No jail credit. All credit applied to Medina County case."[2]

{¶6} Smiley filed a timely appeal from his sentence.[3] In his sole assignment of error, he contends the trial court erred when it failed to give him jail-time credit in the instant case for the time he served in the Cuyahoga County jail awaiting the disposition of the case.

---

[2] Smiley apparently completed his 18-month prison term in the Medina case on March 26, 2013. There was no evidence in the record that his Medina prison term was increased by the 28 days he was held in Cuyahoga County jail.

[3] Smiley posted personal bond on May 23, 2013, and was released from Cuyahoga County jail pending the outcome of this appeal.

## Jail-time Credit

{¶7} The practice of awarding jail-time credit has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions. *State v. Maddox*, 8th Dist. Cuyahoga No. 99120, 2013-Ohio-3140, ¶ 38, citing *State v. Fugate*, 117 Ohio St.3d 261, 2009-Ohio-856, 883 N.E.2d 440, ¶ 7. "Ohio has long awarded offenders a 'jail-time credit' at sentencing for the time they were confined while awaiting trial, in order to equalize the treatment of those who could afford bail with those who could not." *State v. Hargrove*, 1st Dist. Hamilton No. C-120321, 2013-Ohio-1860, ¶ 5, citing *Fugate*. Jail-time credit is necessary because

> [a] person with money will make bail while a person without money will not. If both persons are given identical sentences, the reality is that unless the person who did not make bail is given credit for his pretrial time, the poorer person will have served more time than the other. Unequal treatment based on personal wealth is anathema to the Constitution as a denial of equal protection.

*Fugate* at ¶ 25 (Stratton, J., concurring).

{¶8} This principle of equal treatment is codified in R.C. 2967.191 for offenders sentenced to prison, and in R.C. 2949.08 for offenders sentenced to jail. *Hargrove* at ¶ 6. Under both statutes, an offender is entitled to have the sentence reduced by the days he or she was confined prior to conviction. Both statutes require a sentence to be reduced by the total number of days an offender was confined "for any reason arising out of the offense" for which the offender was convicted and sentenced. R.C. 2967.191 and 2949.08(C)(1).

{¶9}   Citing *Fugate* as authority, Smiley claims the 28 days he spent in Cuyahoga County jail, between December 5, 2012 (when he was transferred there) and January 2, 2013 (when he was sentenced), should have been credited toward his sentence in the Cuyahoga case.   Because he did not object to the court's determination that no jail-time credit would be given to the Cuyahoga case, we review the claim under a plain-error analysis.

{¶10} Smiley's reliance on *Fugate* is misplaced.   In *Fugate*, the defendant committed burglary and theft while on community control for a prior case.   He was held in jail awaiting simultaneously for the disposition of the community control violation case and the burglary and theft case.   The trial court imposed 12 months for the community control violation and credited defendant the days he spent in jail, and then sentenced him to two years in the burglary and theft case, concurrent to his term for the community control violation case, but with no jail-time credit.

{¶11} The issue on appeal in *Fugate* was whether the jail-time credit awarded by the trial court to his sentence in only one of the two cases should be applied to *both* cases.   The Supreme Court of Ohio held that when a defendant is sentenced to concurrent prison terms for multiple cases, jail-time credit pursuant to R.C. 2967.191 must be applied toward each of the concurrent prison terms.   *Fugate* at syllabus.   The court explained that, when an offender is sentenced to concurrent terms, "applying credit to one term only would, in effect, negate the credit for time that the offender has been held."

**{¶12}** Although the trial court here imposed a jail term on Smiley for the instant case concurrent with his sentence for the Medina case, this case is not analogous to *Fugate*. The *Fugate* defendant was held in jail awaiting for the disposition of two cases simultaneously (community control violation and burglary and theft), and his concurrent terms for these two cases were imposed at the same time. Consequently, as the Supreme Court of Ohio explained, applying credit to only one case would effectively negate the jail-time credit given.

**{¶13}** The facts of this case are readily distinguishable from *Fugate*. Here, Smiley had already been sentenced and was in the midst of serving an 18-month prison term for a prior case, when he was transferred to Cuyahoga County and held in jail for the instant case. The 28 days he was held in the Cuyahoga jail was time he would have been incarcerated for his Medina conviction. Although this case involved a concurrent sentence, *Fugate* does not apply. *See*, *e.g.*, *State v. DeMarco*, 8th Dist. Cuyahoga No. 96605, 2011-Ohio-5187, ¶ 11 (distinguishing *Fugate*); *Maddox,* 8th Dist. Cuyahoga No. 99120, 2013-Ohio-3140, ¶ 49 (distinguishing *Fugate*).

**{¶14}** Finally, we emphasize that, because Smiley was serving a prison sentence for a previous case when he was held in Cuyahoga County jail, he could not have posted bond and been released while awaiting the disposition of the new case. Therefore, the trial court's refusal to give jail-time credit did not offend the notion of equal protection, which, as the *Fugate* court explained, is the overall objective of jail-time credit. *Fugate* at ¶ 11.

**{¶15}** For the foregoing reasons, the trial court did not commit an error, plain or otherwise, in not awarding jail-time credit to a defendant serving prison time in a prior out-of-county case for the time held in the county jail awaiting the disposition of a subsequent, unrelated case.    The assignment of error is without merit.

**{¶16}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR