[Cite as *Cleveland v. Bolger*, 2022-Ohio-128.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellee, | : | No. 110769 |
| v. | : | |
| JASON BOLGER, JR., | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED IN PART AND REMANDED
**RELEASED AND JOURNALIZED:** January 20, 2022

Criminal Appeal from the Cleveland Municipal Court
Case No. 2021 CRB 002797

***Appearances:***

Barbara A. Langhenry, Cleveland Director of Law, Aqueelah Jordan, Chief Prosecutor, and Aric Kinast, Assistant City Prosecutor, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Jason Bolger, Jr. ("Bolger") appeals from the trial court's judgment denying Bolger 20 days of jail-time credit because he was in

medical isolation within the county jail and placing Bolger on community-control sanctions.

{¶ 2} After review of the record and the relevant case law, we find the trial court's decision was in error and, therefore, remand this matter with instructions to vacate in part and modify the July 22, 2021 journal entry in accordance with this opinion.

**Factual and Procedural History**

{¶ 3} On March 23, 2021, Bolger was arrested and charged in a three-count complaint with domestic violence, aggravated menacing, and unlawful restraint. Bolger remained in custody until June 9, 2021, when the parties reached a plea agreement. Bolger pleaded guilty to unlawful restraint, a misdemeanor of the third degree, and the other counts were nolled. The trial court released Bolger from jail on a personal bond after Bolger spent 71 days in jail, from March 30, 2021, through June 9, 2021. During his 71 days in jail, Bolger spent 20 days in medical isolation.

{¶ 4} At the sentencing hearing on July 22, 2021, Bolger requested 71 days of jail-time credit. The trial court denied jail-time credit for the 20 days when Bolger was "held in medical isolation" because neither the court nor his attorney could communicate with Bolger. Tr. July 22, 2021, p. 2-3. Despite defense counsel's request, Bolger received only 51 days' jail-time credit. Further, the trial court sentenced Bolger to 60 days' incarceration at the Cleveland House of Corrections with 9 days suspended; completion of 60 hours' community work service; a $50 fine that was waived due to Bolger's indigency; completion of the Domestic Intervention

Education Training (D.I.E.T.) program; and community control supervision for 1 year.

{¶ 5} On July 28, 2021, Bolger filed a motion to stay execution of the sentence that the trial court subsequently denied on July 30, 2021. Bolger timely appealed on August 18, 2021. On October 10, 2021, Bolger filed a motion to stay execution of his sentence pending appeal and to place him on personal bond. This court granted the motion to stay execution of sentence pending appeal and found no bond was required.

{¶ 6} On November 4, 2021, the city of Cleveland filed a notice of conceded error, pursuant to Loc.App.R. 16(B) and therein acknowledged Bolger's entitlement to a jail-time credit for the full time he spent in jail. Accordingly, the city concedes that under R.C. 2967.191, the trial court erred when it calculated defendant's jail-time credit. The city's notice of conceded error does not address Bolger's second assignment of error that addresses community-control sanctions.

**Legal Analysis**

{¶ 7} Bolger raises two assignments of error for our review:

Assignment of Error I: The trial court erred by failing to grant Jason Bolger 71 days of jail credit.

Assignment of Error II: The trial court erred in placing Jason Bolger on community control sanctions after he had already served his entire jail sentence.

{¶ 8} On appeal, a defendant bears the burden of demonstrating that the trial court erred in its calculation of jail-time credit. *State v. Watkins*, 8th Dist.

Cuyahoga No. 105625, 2017-Ohio-8322, ¶ 7. Defendants convicted of felony and misdemeanor offenses are afforded jail-time credit for time served:

> Under both statutes [R.C. 2967.191 and 2949.08], an offender is entitled to have [his or her] sentence reduced by the days he or she was confined prior to conviction. Both statutes require a sentence to be reduced by the total number of days an offender was confined "for any reason arising out of the offense" for which the offender was convicted and sentenced. R.C. 2967.191 and 2949.08(C)(1).

*State v. Smiley*, 8th Dist. Cuyahoga No. 99486, 2013-Ohio-4495, ¶ 8.

**{¶ 9}** Bolger complains that the trial court erred when it failed to grant him 71 days of jail-time credit. Specifically, Bolger contends the trial court lacked any basis to deny him 20 days of jail-time credit when, following his arrest, Bolger was confined to medical isolation within the county jail. A defendant is entitled to a reduction in his sentence equal to the number of days he was confined prior to conviction. *Id.* Here, Bolger's arrest and subsequent assignment to medical isolation within the county jail constituted confinement, and Bolger was entitled to receive jail-time credit for the 20 days spent in medical isolation.

**{¶ 10}** Bolger also argues that the trial court erred when it placed him on one year community-control sanctions since he had already served the maximum 60-day jail sentence for a third-degree misdemeanor. *See* R.C. 2929.24(A)(3). Under R.C. 2929.25(A)(1)(b), a trial court may impose a jail term and a period of community-control sanctions only where the trial court suspends all or a portion of the imposed jail term. "In other words, a trial court may not require a defendant to serve a period of community supervision after serving the maximum jail sentence

for a misdemeanor." *State v. Pratt*, 8th Dist. Cuyahoga No. 105791, 2018-Ohio-1394, ¶ 11. Bolger contends that the trial court erred when it ordered him to serve one year community-control sanctions after serving 71 days on a 60-day sentence.

{¶ 11} After reviewing the record, we agree with the parties and find that the trial court's failure to recognize Bolger's 71 days of jail-time credit is contrary to law. Thus, Bolger's first assignment of error is sustained. Further, with a jail-time credit of 71 days, Bolger has served his maximum 60-day jail sentence. A trial court may not impose a sentence of community-control sanctions after the defendant served the maximum jail sentence for a misdemeanor. *Id.* Therefore, the trial court lacked authority to impose a sentence of community-control sanctions, and Bolger's second assignment of error is also sustained.

{¶ 12} In conclusion, we vacate the portions of the July 22, 2021 journal entry that granted Bolger 51 days of jail-time credit and that imposed community-control sanctions. We remand the case so that the trial court can find Bolger is entitled to 71 days of jail-time credit and, therefore, Bolger satisfied his 60-day jail sentence. On remand, the trial court shall not impose any community-control sanctions against Bolger since he satisfied his sentence.

{¶ 13} Judgment vacated in part and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR