[Cite as *State v. Hargrove*, 2013-Ohio-1860.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120321 |
| | | TRIAL NO. B-0708832 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| JUDAH HARGROVE, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Sentence Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  May 8, 2013


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecting Attorney, for Plaintiff-Appellee,

*Bruce K. Hust*, for Defendant-Appellant.


Note: we have removed this case from the accelerated calendar.

Per Curiam.

{¶1}    Defendant-appellant Judah Hargrove appeals from the trial court's judgment revoking his community control and imposing a prison sentence of 18 months. He argues that the court's award of 99 days of jail-time credit was inadequate.  Because the trial court calculated conflicting jail-time-credit amounts, and this court cannot confirm that the final allowance was the amount of jail-time credit that Hargrove should have received, we vacate that part of his sentence, and we remand the cause to the trial court for the proper calculation of the jail-time credit.

## I.  Facts and Procedural History

{¶2}    Hargrove was indicted on October 25, 2007, on one count of identity fraud and one count of misuse of a credit card.  The sheriff completed the return on the arrest warrant on October 31, 2007.  Hargrove did not make bail.  Almost one year later, on October 15, 2008, Hargrove pleaded guilty to identity fraud, and the state dismissed the remaining charge.  The trial court sentenced Hargrove to two years of community control with intensive supervision, which was to begin after Hargrove's release from prison on other charges.  The court also orally notified Hargrove that he had already served 426 days on the charge.

{¶3}    The record suggests that Hargrove was released from prison on the other charges in December 2011.  In March 2012, he was charged with violating the terms of his community control in the identity-fraud case.  On March 20, 2012, the Hamilton County Sheriff placed a detainer on Hargrove, who was apparently again locked up on other charges.  On April 11, 2012, the trial court found Hargrove guilty of the community-control violation and revoked Hargrove's community control in the identity-fraud case.  The court then sentenced Hargrove to 18 months in prison,

and notified him at the sentencing hearing and in the judgment of conviction that he was entitled to a jail-time credit of 99 days. Hargrove did not object.

## II. Assignment of Error

{¶4}    In his sole assignment of error, Hargrove argues that the trial court imposed a sentence that was contrary to law because the court had failed to credit him with an adequate amount of jail-time credit.

### A. Jail-Time Credit

{¶5}    Ohio has long awarded offenders a "jail-time credit" at sentencing for the time they were confined while awaiting trial, in order to equalize the treatment of those who could afford bail with those who could not. *See State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 7. An offender is entitled to jail-time credit for days that he is confined "for any reason arising out of the offense" for which is he sentenced, but not for time served for an unrelated reason. R.C. 2967.191; *State v. Smith*, 71 Ohio App.3d 302, 304, 593 N.E.2d 402 (10th Dist.1992); *State v. Dawn*, 45 Ohio App.2d 43, 44, 340 N.E.2d 421 (1st Dist.1975).

{¶6}    R.C. 2967.191 codifies this principle with respect to offenders sentenced to prison.[1] The version of R.C. 2967.191 in effect at the time of Hargrove's sentencing provided:

> The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for

---

[1] R.C. 2949.08 codifies the jail-time credit with respect to offenders sentenced to a "community-based correctional facility" or "jail."

examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.

{¶7}     The General Assembly recently amended R.C. 2967.191 and R.C. 2929.19 to clarify the trial court's responsibility in calculating the jail-time credit for offenders sentenced to a prison term.  2011 Ohio S.B. 337 (effective Sept. 28, 2012).  The trial court's duties include holding a hearing on the issue if one is requested and notifying the defendant and the department of corrections of the credit.  R.C. 2929.19(B)(2)(g)(i-ii); R.C. 2967.191.

## B. Analysis

{¶8}     The trial court's failure to properly calculate the jail-time credit is an error that can be raised on direct appeal.[2]  *State ex rel. Williams v. McGinty*, 129 Ohio St.3d 275, 2011-Ohio-2641, 951 N.E.2d 755.  An appellate court may modify or vacate a sentence only if it is clearly and convincingly contrary to law.  R.C. 2953.08(G)(2).

{¶9}     Because Hargrove did not object when the trial court notified him of the 99 days of credit at his April 2012 sentencing hearing, we review under a plain-error standard.  *See* Crim.R. 52(B).

{¶10}     Hargrove contends that the transcript from his October 2008 sentencing hearing demonstrates that he was entitled to a credit of at least 426 days.  He does not, however, explain how that calculation could be accurate where the record demonstrates that less than a year had transpired between his arrest upon his

---

[2] The 2012 amendment also expressly provides that "the trial court retains continuing jurisdiction to correct any error not previously raised at sentencing" in determining the jail-time credit.  R.C. 2929.19(B)(2)(g)(iii).

indictment and the date of the October 2008 sentencing hearing. Yet, the trial court did calculate the allowance at 426 days, and it repeatedly informed Hargrove of this amount at that hearing without any objection by the state.

{¶11} The state does not dispute that the trial court calculated a credit of 426 days at the October 2008 sentencing, and it is unable to explain the court's subsequent calculation of 99 days of credit at the April 2012 sentencing. Thus, the state submits that the case should be remanded to the trial court for a proper calculation.

### III. Conclusion

{¶12} On these facts, where the trial court calculated conflicting jail-time-credit amounts, and this court cannot confirm that the final allowance was correct, we hold that Hargrove has demonstrated that his sentence was clearly and convincingly contrary to law. Moreover, the error in the calculation of Hargrove's jail-time credit arose to the level of plain error. Thus, we sustain the assignment of error. Accordingly, we vacate Hargrove's sentence in part, and we remand the cause for the proper calculation of the jail-time credit. The trial court's judgment is affirmed in all other respects.

Judgment affirmed in part, sentence vacated in part, and cause remanded.

HENDON, P.J., CUNNINGHAM and DEWINE, JJ.

Please note:

The court has rendered its own entry on the date of the release of this opinion.