[Cite as *State v. Williams*, 2018-Ohio-1297.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   105903

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TIMOTHY WILLIAMS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-612045-A

**BEFORE:**   Boyle, J., E.A. Gallagher, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:**   April 5, 2018

**ATTORNEY FOR APPELLANT**

Judith M. Kowalski
333 Babbitt Road, Suite 323
Euclid, Ohio   44123


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:   Hannah Smith
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, Timothy Williams, appeals his sentence. He raises three assignments of error for our review:

> 1. The trial court erred by not granting appellant any jail-time credit and in not making any finding of jail-time credit when imposing sentenced [sic] in this case.
>
> 2. The trial court erred to the prejudice of this appellant by sentencing him to eight years in prison on the charge of felonious assault, as said prison term is excessive and constitutes an abuse of discretion.
>
> 3. The trial court erred to the prejudice of the appellant by failing to consider his youth in imposing sentence.

{¶2} We find merit to Williams's first assignment of error. Thus, we affirm the judgment of the trial court but remand for the court to calculate jail-time credit.

## I. Procedural History and Factual Background

{¶3} In April 2016, Williams shot his friend multiple times in the chest "at point-blank range" after the two got into an argument. The victim spent over one month in the hospital and did not start walking until December 2016. Williams was originally indicted for this shooting in June 2016. In December 2016, however, he was reindicted in Cuyahoga C.P. No. CR-16-612045 on three counts: one count of attempted murder in violation of R.C. 2923.02 and 2903.029(A), a first-degree felony, and two counts of felonious assault in violation of R.C. 2903.11(A)(1) and (2), second-degree felonies. All of the counts carried one- and three-year firearm specifications.

{¶4} In March 2017, Williams withdrew his former plea of not guilty and

pleaded guilty to an amended indictment of one count of felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony, with a one-year firearm specification. The remaining charges were nolled.

{¶5} Williams's plea deal in CR-16-612045 was also "packaged" with a plea deal in a separate case, Cuyahoga C.P. No. CR-16-607108, where Williams pleaded guilty to a fifth-degree felony drug possession in violation of R.C. 2925.11(A). This charge arose out of events that occurred in June 2016.

{¶6} When Williams was originally indicted for the shooting, which was in June 2016, he was also on supervision in another case, Cuyahoga C.P. No. CR-16-602800. In this case, he pleaded guilty in May 2016 to drug trafficking and possessing criminal tools and was placed on one year of supervision for intervention in lieu of conviction.

{¶7} The trial court held a joint sentencing hearing on all three cases. In CR-16-612045, it sentenced Williams to one year in prison for the firearm specification to be served prior to and consecutive to seven years for felonious assault, for a total of eight years in prison. In CR-16-607108, it sentenced him to one year for drug possession to be served concurrent to the eight years in CR-16-612045, and it terminated his supervision in CR-16-602800. The trial court also notified Williams that he would be subject to a mandatory five years of postrelease control upon his release from prison in CR-16-612045 and up to three years of postrelease control in CR-16-607108. The trial court waived fines and court costs in both cases. It is from the judgment in CR-16-612045 that Williams now appeals.

## II. Standard of Review

{¶8} Williams's assigned errors raise issues with respect to his sentence. An appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Johnson*, 8th Dist. Cuyahoga No. 97579, 2012-Ohio-2508, ¶ 6, citing *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892. R.C. 2953.08(G)(2) provides that our review of consecutive sentences is not an abuse of discretion. Instead, an appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court." *Id.* If an appellate court clearly and convincingly finds either that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]," or (2) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." *Id.* The Ohio Supreme Court has further explained:

> [S]ome sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

*State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

## III. Jail-Time Credit

{¶9} In his first assignment of error, Williams argues that the trial court erred by not granting him jail-time credit.

**{¶10}** A review of the record establishes that Williams did not file a motion requesting the trial court to determine jail-time credit, nor did he object to the trial court's failure to determine jail-time credit. Thus, we review this issue for plain error. *See State v. McClellan*, 7th Dist. Mahoning No. 10 MA 181, 2011- Ohio-4557, ¶ 39 (appellant waived all but plain error because he failed to file a motion for jail-time credit or object to the trial court's failure to consider jail-time credit at sentencing hearing).

**{¶11}** The practice of awarding jail-time credit, although now covered by state statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions. *State v. Fugate*, 117 Ohio St.3d 261, 2009-Ohio-856, 883 N.E.2d 440, ¶ 7. The rationale for giving jail-time credit "is quite simple[;] [a] person with money will make bail while a person without money will not." *Id.* at ¶ 25 (Stratton, J., concurring). That means for "two equally culpable codefendants who are found guilty of multiple offenses and receive identical concurrent sentences," the poorer codefendant will serve more time in jail than the wealthier one who was able to post bail. *Id.* at ¶ 25-26. "[T]he Equal Protection Clause does not tolerate disparate treatment of defendants based solely on their economic status." *Id.* at ¶ 7.

**{¶12}** In Ohio, this principle is codified in R.C. 2967.191, which provides in relevant part:

> The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * * as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code[.]

**{¶13}** Under R.C. 2929.19(B)(2)(g)(i):

> [I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * * [d]etermine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term under section 2967.191 of the Revised Code. * * *

**{¶14}** It is the duty of the trial judge to determine the amount of jail-time credit to which a prisoner is entitled. *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7. This information must be included in appellant's sentencing entry. *See* R.C. 2949.12; Ohio Adm.Code 5120-2-04(B). Further, since the provisions of R.C. 2967.191 are mandatory, the trial court's failure to properly calculate jail-time credit and include it in the body of the sentencing order is plain error. *State v. Miller*, 8th Dist. Cuyahoga Nos. 84540 and 84916, 2005-Ohio-1300, ¶ 10.

**{¶15}** In this case, the trial court did not calculate or even mention jail-time credit. Although Williams did not move the trial court to calculate jail-time credit or object to the trial court's failure to do so, we find that the trial court's failure to calculate Williams's jail-time credit to be plain error. Thus, we affirm the judgment of the trial court and remand the matter for the trial court to make a factual determination regarding jail-time credit and issue a new judgment applying it (if any) to Williams's sentence.

**{¶16}** Williams's first assignment of error is sustained.

## IV. "Excessive" Sentence

**{¶17}** In his second assignment of error, Williams argues that his eight-year sentence for felonious assault was excessive and an abuse of discretion.

**{¶18}** In support of his argument that the trial court abused its discretion, Williams cites to *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, which held in a plurality opinion that trial courts should review felony sentences under an abuse of discretion standard. *Id*. at ¶ 4. But contrary to Williams's claim, the Ohio Supreme Court put to rest any doubt as to whether reviewing courts should still review felony sentences for abuse of discretion; they should not. *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7 (overruling *Kalish*). The *Marcum* court made clear that "appellate courts must adhere to the plain language of R.C. 2953.08(G)(2)," which plainly states that our standard of review is not abuse of discretion. *Id*.

**{¶19}** In this case, Williams was convicted of second-degree felonious assault. Thus, the trial court could have sentenced Williams anywhere from two to eight years. R.C. 2929.14(A)(2). It sentenced him to seven years in prison on the base charge and one year for the firearm specification, for a total of eight years. Williams contends that his sentence is excessive. We disagree.

**{¶20}** In determining what sentence to impose, a sentencing court is required to consider the purposes and principles of sentencing pursuant to R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. Under R.C. 2929.11(A), a felony sentence shall be reasonably calculated to achieve two overriding purposes: (1) to protect the public from future crimes by the offender, and (2) to punish the offender using the

minimum sanctions the court determines will achieve those purposes. Further, under R.C. 2929.11(B), the sentence imposed for a felony must be commensurate with the seriousness of the offender's conduct and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶21} Under R.C. 2929.12(A), a court sentencing a felony offender has discretion to determine the most effective way to comply with the purposes and principles of sentencing outlined in the statute. In exercising its discretion, however, the sentencing court must consider the seriousness, recidivism, and other mitigating factors set forth in R.C. 2929.12. *Id.* Although the trial court must consider the purposes and principles of sentencing as well as the factors in R.C. 2929.12, the court is not required to use particular language or make specific findings on the record regarding its consideration of those factors. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31.

{¶22} Williams argues that his sentence is excessive because "he is still very young and amenable to rehabilitation." He further argues that it was "undisputed that the victim also had a gun at the time of the shooting," and thus, his conduct was "less serious" because "he believed he was going to be shot by the victim." Finally, he asserts that the trial court failed to take into account that he expressed remorse for shooting the victim. We find these arguments to be without merit.

{¶23} After reviewing the record, we find that it overwhelmingly demonstrates that the trial court properly considered the purposes and principles of felony sentencing,

as well as the seriousness and recidivism factors under R.C. 2929.12. During the sentencing hearing, the trial court considered Williams's extensive criminal history despite his youth. This criminal history included four juvenile delinquency adjudications (disorderly conduct in 2010, trafficking marijuana in 2011, assault in 2011, aggravated menacing in 2012) and two prior adult convictions (drug possession in 2014 and drug trafficking in May 2016, which was the previous case Williams was on community control sanctions for when he shot the victim in the present case and that he violated by pleading guilty to shooting the victim, CR-16-602800).

{¶24} The trial court discussed the fact that in the 2014 drug possession case, Williams pleaded guilty and was placed on probation. He then failed to appear and, thus, violated his probation. He was later arrested, and the trial court extended his community control sanctions. He violated again in May 2016 (presumably due to the drug trafficking case in CR-16-602800, although it is not clear). Williams was then arrested in the drug trafficking case, which he ultimately violated the terms of the treatment in lieu of conviction conditions as well when he pleaded guilty to shooting the victim in this case.

{¶25} The trial court further considered the fact that Williams committed the serious offense of shooting someone multiple times in the chest while he was on community control sanctions before this judge in another case. Thus, Williams violated the terms of his community control sanctions in that case by shooting the victim at point-blank range in this case. The trial court also considered the fact that the victim was

seriously injured; he spent over one month in the hospital and could not walk until eight months after the shooting.   The trial court noted that Williams was lucky the victim did not die.

{¶26} The trial court also considered the presentence investigation report, the arguments of counsel, the facts supporting the conviction, Williams's apology, and his claims that he only shot the victim because he had a gun.   After considering the many factors already discussed, the trial court imposed the sentence and then concluded:

> So there is a really serious sentence with some hope after you've done a serious penalty for a crazy, stupid, vicious, destructive, nearly deadly crime.   Young man, you've been in the institution system before.   You've been given the lecture before.   You've been before my bench many times before.   You chose to arm yourself with a firearm.   And look at the pain you're putting your own family through.   * * *   You need to go to the institution and change your attitude.   It may be hard to go down there, but if you don't do that, you're guaranteed to be right back in the system.

{¶27} We find that the record supports the trial court's sentence.   Indeed, the trial court did not even sentence Williams to the maximum amount it could have for a second-degree felony.   Moreover, the trial court further advised Williams that it would entertain a motion for judicial release in five and a-half years if he did not cause any trouble in prison.

{¶28} Williams's second assignment of error is overruled.

## V. Youth as a Mitigating Factor

{¶29} In his third assignment of error, Williams argues that the trial court failed to take his youth into account when sentencing him.    We disagree.

{¶30} First, the three cases on which Williams relies simply have no bearing on

this case.  In those cases, the penalty imposed on the juvenile was a death sentence or a life sentence without the possibility of parole.  *See Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005) (capital punishment unconstitutional for juveniles); *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) (the constitution prohibits a sentence of life without the possibility of parole for juveniles convicted of a nonhomicide offense); and *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (life sentence without the possibility of parole is unconstitutional for juveniles convicted of a homicide offense).  Notably, all three defendants in those three cases were under the age of 18 at the time they committed their offenses (the defendant in Roper was 17 at the time he committed murder; the defendant in Graham was 16 years old when he committed armed burglary; and the defendants in Miller were 14 when they committed murder).  Here, Williams was 21 at the time he committed this offense.

{¶31} Williams acknowledges that he was over 18, but maintains that just because "he [was] over 18 does not mean that he is fully adult mentally and emotionally."  While we agree that being 18 years old does not mean that one is fully developed "mentally and emotionally," that does not change the fact that Williams was an adult when he shot the victim and, thus, the trial court had full authority to sentence Williams as an adult.

{¶32} Moreover, defense counsel informed the trial court that Williams was 22 years old at the time of sentencing.  The trial court referred to Williams as "young man" when talking to him.  It bears repeating that the trial court did not even sentence

Williams to the maximum sentence that it could have for a second-degree felony.     But the trial court also found that shooting a "person in the chest at point-blank range and destroy[ing] [his] life" required a serious sentence.   The record fully supports this sentence.

**{¶33}** Accordingly, we overrule Williams's third assignment of error.

**{¶34}** Judgment affirmed, and case remanded for the trial court to calculate the amount of jail-time credit the defendant should receive.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR