[Cite as *Bratenahl v. Eldridge*, 2021-Ohio-1083.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

VILLAGE OF BRATENAHL,     :

    Plaintiff-Appellee,     :

         No. 109520

    v.     :

CHRISTIN ELDRIDGE,     :

    Defendant-Appellant.     :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** April 1, 2021

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2019 CRB 021317

---

### *Appearances:*

Wargo Law, L.L.C., and Leslie E. Wargo, *for appellant*.

LISA B. FORBES, J.:

{¶ 1} Appellant Christin Eldridge ("Eldridge") appeals the trial court's failure to calculate jail-time credit when imposing her sentence for disorderly conduct, a fourth-degree misdemeanor.

{¶ 2} After review of the pertinent facts and law, we affirm Eldridge's sentence but remand the case to the trial court to calculate and apply any jail-time credit due.

## I. Facts and Procedural History

{¶ 3} On December 17, 2019, Eldridge was pulled over by the Village of Bratenahl Police Department when an officer witnessed the back door of her car opening and closing while it was in motion on the freeway. Upon pulling over the vehicle, the officer learned that the man in the back seat of Eldridge's car was a protected person under a protection order against Eldridge. Eldridge was then placed under arrest for violation of the protection order.

{¶ 4} On January 27, 2020, Eldridge entered a guilty plea to an amended complaint amending the charge from violation of a protection order, a first-degree misdemeanor in violation of R.C. 2919.27, to disorderly conduct, a fourth-degree misdemeanor in violation of R.C. 2917.11(E).

{¶ 5} Eldridge was sentenced to 30 days in jail with 29 days suspended. Eldridge was due to serve one day in jail on February 1, 2020. Eldridge filed a motion to stay execution of sentence with the trial court, which has not yet been ruled on. The record reflects that Eldridge has not yet served her sentence.

{¶ 6} The trial court did not mention or calculate any award of jail-time credit at the sentencing hearing. Further, the trial court did not mention or award jail-time credit in its journal entry.

## II. Law and Analysis

{¶ 7} Eldridge raises one assignment of error for our review arguing that the trial court erred when it did not calculate or credit her for jail time served as part

of her sentence. Further, in not filing a brief, the city of Bratenahl did not contest this argument.

**{¶ 8}** A review of the record reveals that Eldridge did not file a motion with the trial court requesting the calculation of jail-time credit, nor did she object to the trial court failing to award any credit. Therefore, we review the trial court's failure to award jail-time credit for plain error. *State v. Williams*, 8th Dist. Cuyahoga No. 105903, 2018-Ohio-1297, ¶ 10. This court has previously held that a trial court's failure to calculate jail-time credit and include it in the body of the sentencing order constitutes plain error. *Id.* at ¶ 15.

**{¶ 9}** Whether a defendant is convicted of a felony or a misdemeanor offense, under Ohio law, both are afforded jail-time credit for time served.

> [The concept of jail-time credit] is codified in R.C. 2967.191 for offenders sentenced to prison, and in R.C. 2949.08 for offenders sentenced to jail. Under both statutes, an offender is entitled to have the sentence reduced by the days he or she was confined prior to conviction. Both statutes require a sentence to be reduced by the total number of days an offender was confined "for any reason arising out of the offense" for which the offender was convicted and sentenced. R.C. 2967.191 and 2949.08(C)(1).

(Citations omitted.) *State v. Smiley*, 8th Dist. Cuyahoga No. 99486, 2013-Ohio-4495, ¶ 7-8. Our sister court explained that because the statutes addressing felony jail-time credit and misdemeanor jail-time credit are nearly identical, much of the analysis will likewise be identical. *State v. Blankenship*, 192 Ohio App.3d 639, 2011-Ohio-1601, 949 N.E.2d 1087, ¶ 11 (10th Dist.).

{¶ 10} "The practice of awarding jail-time credit, although now covered by state statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions." *State v. Fugate*, 117 Ohio St.3d 261, 2009-Ohio-856, 883 N.E.2d 440, ¶ 7. Its purpose is to "equalize the treatment of those who could afford bail with those who could not." *Smiley* at ¶ 7, citing *State v. Hargrove*, 1st Dist. Hamilton No. C120321, 2013-Ohio-1860, ¶ 5. "[T]he Equal Protection Clause does not tolerate disparate treatment of defendants based solely on their economic status." *Fugate* at ¶ 7.

{¶ 11} Thus, it is apparent that trial courts have the duty to calculate the amount of jail-time credit to which a defendant is entitled. R.C. 2949.08(B); R.C. 2929.19(B)(2)(g)(i); *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7. Further, the trial court must state that amount in its journal entry. Ohio Adm.Code 5120-2-04(B).

{¶ 12} The record reflects that no such calculation was made in this case and jail-time credit was not awarded in the journal entry sentencing Eldridge. The trial court's failure to calculate jail-time credit and include it in the body of the sentencing order is plain error. *See Williams*, 8th Dist. Cuyahoga No. 105903, 2018-Ohio-1297, at ¶ 15.

{¶ 13} Eldridge's assignment of error is sustained.

{¶ 14} We affirm the judgment of the trial court but remand the matter for it to make a factual determination of the amount of jail-time credit, if any, Eldridge is due and apply it to her sentence.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LISA B. FORBES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MARY EILEEN KILBANE, J., CONCUR