[Cite as *State v. Tobe*, 2025-Ohio-489.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 30267 |
| | : | |
| v. | : | Trial Court Case No. 2024CRB428 |
| | : | |
| LESLIE C. TOBE | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on February 14, 2025

. . . . . . . . . . .

CHRIS BECK, Attorney for Appellant

ASHLEY THOMAS, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Leslie C. Tobe appeals from her conviction in the Dayton Municipal Court following her guilty plea to criminal damaging. For the following reasons, we will affirm the judgment of the trial court.

     **I.    Procedural History and Facts**

{¶ 2} On February 9, 2024, Tobe was charged with one count of criminal damaging, in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree. The charge arose as a result of Tobe's attacking another person's vehicle and causing significant damage. On June 24, 2024, Tobe entered a guilty plea to the offense as charged.

{¶ 3} During the plea colloquy, the trial court advised Tobe that the maximum possible penalty for the offense was 90 days in jail and a fine of up to $750. The court informed Tobe that a guilty plea "means you are making a complete admission of guilt to the charge." Tr. 7. The court explained that by entering a guilty plea, Tobe would be waiving certain constitutional and statutory rights as explained on the plea form. Tobe acknowledged that she had seen the plea form, reviewed it with her attorney, and voluntarily signed it. The court then reviewed part of the plea form on the record, including that by entering a guilty plea Tobe would be waiving her right to a trial and the State would no longer be required to prove her guilt beyond a reasonable doubt. The court advised that by entering a guilty plea, Tobe would be waiving her right to remain silent, her right to subpoena and present witnesses to testify on her behalf at trial, and the right to cross-examine witnesses presented by the State to testify against her. Tobe had no questions about her rights or her waiver of those rights. She acknowledged that no one had said or done anything to encourage her to enter a guilty plea and that she was entering it voluntarily. Following the court's acceptance of Tobe's guilty plea, the court ordered a presentence investigation report for purposes of restitution.

{¶ 4} The trial court sentenced Tobe to 90 days in jail, credited her with 4 days

already served, and suspended the remaining 86 days.   Tobe was placed on probation for a period not to exceed 18 months, was trespassed from 3025-3027 North Main Street in Dayton, Ohio, and was ordered to complete 40 hours of community service.   No restitution or court costs were imposed due to Tobe's indigency.

**{¶ 5}** Tobe filed a motion to stay her sentence, which was denied.   Tobe timely appealed and raises a single assignment of error for our review.

### II.   Knowing, Intelligent, and Voluntary Plea

**{¶ 6}** In her sole assignment of error, Tobe contends that the trial court erred in accepting her guilty plea because it was not knowingly, intelligently, and voluntarily entered.   Specifically, she claims that she was not informed that her guilty plea could be used against her in a present or future civil case that might be filed against her, causing her plea to be invalid.

**{¶ 7}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily."   *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). A plea that is not made knowingly, intelligently, and voluntarily is invalid.   *State v. Bishop*, 2018-Ohio-5132, ¶ 10, citing *State v. Clark*, 2008-Ohio-3748, ¶ 25.   Crim.R. 11, which outlines the procedures trial courts are to follow when accepting pleas, " 'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.' "   *State v. Dangler*, 2020-Ohio-2765, ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168 (1975).

**{¶ 8}** "Crim.R. 11 outlines the procedures courts follow when accepting pleas, and

those procedures vary depending on whether the offense is a misdemeanor that is a petty offense, a misdemeanor that is a serious offense, or a felony." *State v. Dean*, 2022-Ohio-2803, ¶ 6 (2d Dist.), citing *State v. Howard*, 2018-Ohio-5160, ¶ 17 (2d Dist.). A "serious offense" is defined as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). A "petty offense," on the other hand, is "a misdemeanor other than a serious offense." Crim.R. 2(D).

{¶ 9} Criminal damaging is a misdemeanor of the second degree, with a maximum possible jail sentence of 90 days. R.C. 2929.24(A)(2). Therefore, criminal damaging constitutes a petty offense. For a petty offense, the trial court was required to comply with Crim.R. 11(E) during the plea hearing. Crim.R. 11(E) provides that a trial court shall not accept a plea "without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." The effect of a guilty plea "is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). Thus, in order to satisfy the requirement of informing a defendant of "the effect of the plea" before accepting a guilty plea to a misdemeanor involving a petty offense, the court is required to inform the defendant that the plea is a complete admission of guilt. *State v. Jones*, 2007-Ohio-6093, ¶ 20. The information may be provided either orally or in writing to satisfy the requirement. *Id*. at ¶ 51.

{¶ 10} In contrast to a guilty plea, a plea of no contest is not an admission of the defendant's guilt but is an admission of the truth of the facts alleged in the indictment, information, or complaint. Crim.R. 11(B)(2). Unlike a guilty plea, a no contest plea may

not be used against the defendant in any subsequent civil or criminal proceedings. *Id.* However, "in accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant *only* of the effect of the *specific plea* being entered." (Emphasis added.) *Jones* at ¶ 20.

{¶ 11} In this case, because Tobe entered a guilty plea, the trial court was only required to inform her of the effect of a guilty plea, i.e., that it was a complete admission of guilt. The trial court informed Tobe that by entering a guilty plea "it means you are making a complete admission of guilt to the charge." Tr. 7. Moreover, the trial court fully informed Tobe of the constitutional rights she was giving up by pleading guilty, the maximum possible penalties she faced, and verified that Tobe was entering her plea knowingly, intelligently, and voluntarily. Furthermore, Tobe's plea form identified the effect of a guilty plea, stating that "a plea of Guilty is a complete admission of my guilt." Tobe verified on the record that she had reviewed the plea form with her attorney prior to signing it and entering her plea orally. The record establishes that the trial court fully complied with Crim.R. 11(E).

{¶ 12} Nevertheless, Tobe claims that the trial court was also required to inform her that by entering a guilty plea, her plea could be used against her in future civil or criminal proceedings. Contrary to Tobe's contention, there is no requirement that a trial court advise defendants that, by entering guilty pleas, their pleas could be used against them in any future civil or criminal proceedings. As previously noted, in accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant only of the effect of the specific plea being entered, not the effect of all possible pleas the

defendant could enter. *Jones*, 2007-Ohio-6093, at ¶ 20. "Furthermore, a trial court is not required to determine, and advise a defendant of, every collateral consequence that may result from a plea to a misdemeanor in order to render that plea knowing and voluntary." *State v. Taylor*, 2012-Ohio-963, ¶ 35 (2d Dist.), citing *State v. Wilkinson*, 2005-Ohio-314, ¶ 9 (2d Dist.). The effect of a guilty plea is that it constitutes a complete admission of guilt. That information was provided to Tobe both orally and in writing. The trial court fully complied with Crim.R. 11(E), and we find no basis to conclude that Tobe's plea was not knowingly, intelligently, and voluntarily made.

{¶ 13} The assignment of error is overruled.

## III. Conclusion

{¶ 14} Having overruled the sole assignment of error, we will affirm the judgment of the trial court.

. . . . . . . . . . . .


EPLEY, P.J. and HUFFMAN, J., concur.