[Cite as *State v. Roweton*, 2025-Ohio-2027.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-6 |
| Appellee | : | |
| | : | Trial Court Case Nos. 2023 CRB 01291; |
| v. | : | 2021 TRC 07977; 2023 TRC 02749 |
| | : | |
| DANIEL L. ROWETON | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on June 6, 2025, the judgments of the trial court are reversed in part and remanded for resentencing on jail-time credit only. In all other aspects, the judgments are affirmed.

Costs to be paid 50% by Appellant and 50% by Appellee.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

_____
CHRISTOPHER B. EPLEY, PRESIDING JUDGE


_____
MICHAEL L. TUCKER, JUDGE

ROBERT G. HANSEMAN, JUDGE

**OPINION**
MIAMI C.A. No. 2025-CA-6


CHRISTOPHER BAZELEY, Attorney for Appellant
LENEE BROSH, Attorney for Appellee


EPLEY, P.J.

{¶ 1} Daniel L. Roweton appeals from the reimposition of his suspended misdemeanor jail sentences in three cases. He claims that the trial court erred in imposing consecutive sentences with an aggregate term beyond the statutory limit and in failing to calculate the amount of jail-time credit to which he was entitled. For the following reasons, the trial court's judgments are reversed in part, and the matters are remanded for the trial court to calculate in each case the total number of days for which Roweton is to be given jail-time credit. In all other respects, the trial court's judgments are affirmed.


**I. Procedural History**

{¶ 2} On November 17, 2021, a witness called the Troy Police Department to report an intoxicated driver with open containers within his blue Dodge SUV. An officer located the vehicle, found that the driver, Roweton, was impaired, and observed multiple open Bud Light bottles in the vehicle. Roweton refused to submit to field sobriety tests. The officer charged him with operating a vehicle while under the influence of alcohol or drugs (OVI) and driving under suspension (Miami M.C. No. 2021 TRC 7977). It also cited him for open containers (Miami M.C. No. 2021 CRB 3487).

{¶ 3} In March 2022, Roweton pled guilty to OVI (third offense in ten years), and the other two charges were dismissed. The trial court sentenced him to 365 days in jail with

335 days suspended, required him to complete a drug/alcohol addiction program, and placed him on community control for five years. The court imposed a $850 fine, plus court costs, and suspended his driver's license for three years. Roweton did not appeal.

{¶ 4} By late February 2023, it appeared that Roweton had absconded (his last contact with the probation department had been in October 2022), and the trial court issued a capias for his arrest.

{¶ 5} On May 13, 2023, Roweton was driving on Eldean Road in Miami County when he veered into oncoming traffic, causing Deputy Brazel of the Miami County Sheriff's Office to swerve onto the berm and off the roadway. The deputy turned his cruiser around and attempted to initiate a traffic stop, but Roweton failed to comply. Roweton eventually stopped and exited his vehicle. Roweton refused to provide his name and was uncooperative. Closed and open beer containers were in the vehicle, and Roweton appeared to be intoxicated. He was charged in Miami M.C. No. 2023 CRB 1291 with failure to comply with an order or signal of a police officer, obstructing official business, and open container, and in Miami M.C. No. 2023 TRC 2749 with OVI, driving under an OVI suspension, and a marked lanes violation. He was also detained on his 2021 case.

{¶ 6} The next day, Roweton received a probation violation notice in his 2021 OVI case, alleging that he had violated the terms of his community control in four respects: (1) failing to keep his address current; (2) failing to serve the required 30 days in jail; (3) failing to complete or verify completing a drug/alcohol evaluation; and (4) absconding.

{¶ 7} After a community control revocation hearing on June 2, 2023, during which Roweton admitted to the violations, the trial court revoked Roweton's community control sanctions and ordered him to serve the imposed jail term with credit for time served. The trial court did not indicate at the hearing the amount of jail-time credit that Roweton would

receive. Approximately two weeks later, the clerk of court filed a "Commitment after Conviction and Sentence to County Jail" document, which indicated that Roweton was entitled to jail-time credit for 21 days for May 13, 2023 to June 2, 2023.

{¶ 8} On June 28, 2023, Roweton pled guilty to OVI (third offense in ten years) in Case No. 2023 TRC 2749 and to failure to comply with an order or signal of a police officer in Case No. 2023 CRB 1291. In exchange for the pleas, the State dismissed the remaining charges. The court proceeded immediately to sentencing, at which it imposed 180 days in jail for failure to comply, to be served consecutively to "all other jail time," and ordered him to pay court costs. As for the OVI offense, the court sentenced him to 360 days in jail, again to be served consecutively to "all other jail time." Roweton was ordered to pay a $850 fine, plus court costs, and the court suspended his driver's license for 12 years.

{¶ 9} The court told Roweton that it was unlikely that he would be required to serve all the imposed jail time. It stated:

[E]ssentially you've got a year and a half jail hanging over your head. That's the maximum you can do. It is very unlikely I will make you do all of that jail time, sir[,] so after you've done a reasonable portion of jail time, I will consider a motion to mitigate but Mr. Roweton, you have to understand. I mean, you're an alcoholic and you can't stop drinking. I don't think, we tried to get you help. Wouldn't get any help so I don't think I'm going to consider you for probation. I might if Kennedy comes to me and convinces me that you're ready for help but if you do that after six months and you get out and you screw up again, now you're facing another eighteen months in jail because you got over, over two years of jail hanging over your head or close to it so we'll see what happens. That's it. Thank you, sir.

{¶ 10} The trial court's written judgments indicated that the jail sentences in the two 2023 cases were consecutive to "all." The commitment document, filed July 18, 2023, indicated that the aggregate jail term for the two 2023 cases was 540 days. It also indicated that the "in" date at the jail for those cases was June 28, 2023 (the date of sentencing), and the "out" date was November 7, 2024.

{¶ 11} On July 20, 2023, purportedly pursuant to R.C. 2929.51 (which was repealed in 2004), Roweton filed a motion for time served, asking that he be released as to all three cases with credit for time served and that the balance of his jail sentences be suspended without further conditions. On August 14, 2023, the trial court suspended the balance of his jail terms and placed him on unsupervised community control for five years. The court placed three conditions on his community control: (1) that he not consume alcohol; (2) that he not have any violations of the law, including traffic violations; and (3) that he report any police contact within 24 hours to the probation department.

{¶ 12} On December 31, 2024, the probation department tested Roweton for consumption of alcohol, and the test returned a blood alcohol concentration of .176 percent. Roweton was arrested for violating the terms of his community control. He appeared before the court on January 2, 2025, and admitted to the violation. At his dispositional hearing on January 17, 2025, the trial court revoked his community control and reimposed the suspended sentences with "credit for the time you have served up to this point." Consistent with the oral sentence, the written judgment entries stated that Roweton's "probation is revoked; jail reimposed with credit for time served." The commitment document showed Roweton's aggregate sentence to be "545 days max" with a release date of March 21, 2026.

{¶ 13} Roweton appeals from the trial court's judgments, raising two assignments of error.

## II. Aggregate Length of Roweton's Jail Sentences

{¶ 14} In his first assignment of error, Roweton claims that the trial court erred when it "imposed a sentence that was in excess of the limitation for misdemeanor consecutive sentences set by R.C. 2929.41."

{¶ 15} R.C. 2929.41(B)(1) provides, in relevant part, that "[a] jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court specifies that it is to be served consecutively[.]" When consecutive sentences are imposed for misdemeanors, "the term to be served is the aggregate of the consecutive terms imposed, except that the aggregate term to be served shall not exceed eighteen months." *Id.*

{¶ 16} Roweton argues that the trial court's aggregate jail sentence in his three cases exceeded the 18-month maximum under R.C. 2929.41(B)(1). The State responds that the trial court did not exceed the 18-month maximum, because the number of days that Roweton was required to serve following the reimposition of his suspended sentences was 428 days. The State calculated this number from the January 22, 2025 commitment document, which showed a jail "in" date of January 17, 2025, and an "out" date of March 21, 2026.

{¶ 17} We disagree with the State's argument. First, the amount of time that Roweton had remaining to serve on his three jail terms is not reflective of the trial court's aggregate jail sentence. We therefore reject the State's contention that the trial court's sentence was proper because he had 428 days (approximately one year and two months) remaining as of January 17, 2025. Second, the State refers to the clerk of court's commitment document as the "record of conviction" for purposes of R.C. 2949.08, the jail-time credit statute. However, a trial court speaks through its journal entries. *State v. Miller*, 2010-Ohio-5705, ¶ 12. Accordingly, the trial court's sentences for the 2023 cases were

established in the June 28, 2023 judgment entries for those cases, not the commitment document that the municipal court provided to the jail.

{¶ 18} The June 28, 2023 judgments imposed 180-day and 360-day jail sentences to be served consecutively to "all." The court did not specify either orally or in its judgment entries the specific case(s) and charge(s) encompassed by "all." The commitment document informed the jail that Roweton would begin serving a 540-day aggregate sentence in the 2023 cases immediately, thus suggesting that the 2023 sentences would be served consecutively to each other but concurrently with the 2021 sentence, a sentence consistent with the 18-month limitation in R.C. 2929.41(B)(1).

{¶ 19} Regardless, Roweton did not file a direct appeal from the June 28, 2023 judgments of conviction, and res judicata now bars his challenge to his 2023 jail sentences. *See State v. Kolodzaike*, 2020-Ohio-1239, ¶ 17 (6th Dist.) (challenge to an order that defendant serve the remaining balance of his suspended sentences was an attack on the original sentence, which should have been raised on direct appeal). Under the doctrine of res judicata, "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant . . . on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus; *State v. Moody*, 2024-Ohio-864, ¶ 15 (2d Dist.). It is well established that res judicata bars the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 2006-Ohio-1245, ¶ 17; *State v. Shah*, 2023-Ohio-2328, ¶ 12 (2d Dist.). Roweton could have challenged the aggregate length of his jail sentences in a direct appeal from his June 28, 2023 judgments but did not.

{¶ 20} The trial court had authority under the misdemeanor jail term statute to later

modify Roweton's jail sentences. *See* R.C. 2929.24(B)(1); *Olmsted Twp. v. Ritchie*, 2023-Ohio-2516. R.C. 2929.24(B)(1) provides: "A court that sentences an offender to a jail term under this section may permit the offender to serve the sentence in intermittent confinement or may authorize a limited release of the offender as provided in [R.C. 2929.26(B)]. The court retains jurisdiction over every offender sentenced to jail to modify the jail sentence imposed at any time, but the court shall not reduce any mandatory jail term."

{¶ 21} Here, the trial court never modified its original sentences. When the court released Roweton in August 2023, it suspended the sentences in the 2023 cases, as well as the 365-day sentence in the 2021 case, and those sentences were "reimposed" when Roweton's release was revoked on January 17, 2025. Because the court did not modify any of the jail sentences when it ordered Roweton to serve the suspended sentences, Roweton's challenge to the length of his aggregate jail sentence is barred by res judicata.

{¶ 22} Roweton's first assignment of error is overruled.

### III. Jail-Time Credit

{¶ 23} In his second assignment of error, Roweton claims that the trial court erred when it failed to calculate the amount of jail-time credit he was entitled to receive. The State concedes that the trial court erred in failing to inform Roweton of his jail-time credit at sentencing. We agree.

{¶ 24} "Whether a defendant is convicted of a felony or a misdemeanor offense, under Ohio law, both are afforded jail-time credit for time served." *State v. Jack*, 2024-Ohio-5594, ¶ 16 (2d Dist.), quoting *Bratenahl v. Eldridge*, 2021-Ohio-1083, ¶ 9 (8th Dist.). The concept of jail-time credit "is codified in R.C. 2967.191 for offenders sentenced to prison, and in R.C. 2949.08 for offenders sentenced to jail." *State v. Smiley*, 2013-Ohio-4495, ¶ 8 (8th Dist.), citing *State v. Hargrove*, 2013-Ohio-1860, ¶ 6 (1st Dist.). "Both statutes require

a sentence to be reduced by the total number of days an offender was confined 'for any reason arising out of the offense' for which the offender was convicted and sentenced." *Id.*, citing R.C. 2967.191 and 2949.08(C)(1).

{¶ 25} Specific to this appeal, when a trial court sentences a person convicted of a misdemeanor to a jail term, it is required to "specify the total number of days, if any, that the person was confined for any reason arising out of the offense for which the person was convicted and sentenced" so that the person's sentence is appropriately reduced. R.C. 2949.08(B), (C). The statute's terms are mandatory, and a court's failure to properly calculate jail-time credit and to include it in the body of the judgment entry constitutes plain error. *Jack* at ¶ 17-18.

{¶ 26} None of the records for the three cases specify the number of days of jail-time credit to which Roweton was entitled as of January 17, 2025, when his suspended sentences were reinstated. The January 22, 2025 commitment document indicated that the "out" date from the jail considered credit for time served, but this is insufficient to satisfy the terms of R.C. 2949.08. Rather, on remand, the trial court must calculate the number of days of jail-time credit to which Roweton was entitled for each case and resentence him accordingly. *See State ex rel. Mora v. Watson*, 2025-Ohio-559, ¶ 10 (jail-time credit is offense specific).

{¶ 27} Roweton's second assignment of error is sustained.

### IV. Conclusion

{¶ 28} The trial court's judgments are reversed, in part, and the matters are remanded for the trial court to calculate in each case the total number of days for which Roweton is to be given jail-time credit. In all other respects, the trial court's judgments are affirmed.

. . . . . . . . . . . . .

TUCKER, J. and HANSEMAN, J., concur.