[Cite as *State v. O'Neal*, 2025-Ohio-5249.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-14 |
| Appellee | : | |
| | : | Trial Court Case Nos. 2022 CRB 02907; |
| v. | : | 2023 CRB 03155; 2022 CRB 03035; |
| | : | 2025 CRB 00060 |
| DANIEL D. O'NEAL | : | |
| | : | (Criminal Appeal from Municipal Court) |
| Appellant | : | |
| | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on November 21, 2025, the judgment of the trial court in Case No. 2025 CRB 00060 is reversed in part and remanded to calculate the jail-time credit to which the appellant is entitled. The judgments are affirmed in all other aspects.

Costs to be paid as follows: 25% by the Appellant and 75% by the Appellee.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

CHRISTOPHER B. EPLEY, PRESIDING JUDGE

LEWIS, J., and HANSEMAN, J., concur.

CHRISTOPHER BAZELEY, Attorney for Appellant
JESSICA STILTNER, Attorney for Appellee

EPLEY, P.J.

{¶ 1} Defendant-Appellant Daniel O'Neal appeals from his conviction in Miami County Municipal Court Case No. 2025 CRB 00060 after he pled guilty to three counts of misuse of credit cards (first-degree misdemeanors) and was sentenced to two consecutive 180-day jail terms. Because the trial court failed to calculate O'Neal's jail-time credit at his sentencing, we reverse in part and remand for the limited purpose of resentencing to calculate jail-time credit. In all other respects, the judgment of the trial court is affirmed.

## I.      Facts and Procedural History

{¶ 2} In 2022 and 2023, O'Neal battled drug addiction and overdosed multiple times, resulting in two misdemeanor disorderly conduct charges (22 CRB 02907; 22 CRB 03035) and one disorderly intoxication charge (23 CRB 03155). In early 2025, he stole a credit card from an acquaintance and used it to purchase small items from local stores. This conduct led to five counts of misuse of credit cards (25 CRB 00060), all first-degree misdemeanors, and a felony theft charge (which is not a part of this appeal).

{¶ 3} On February 19, 2025, O'Neal agreed to plead guilty to three of the misuse of credit card counts in exchange for the dismissal of the other two. He also pleaded guilty to the 2022 disorderly conduct and 2023 disorderly intoxication charges. As pertinent to this appeal, the court imposed consecutive 180-day jail terms on two of the misuse of credit card charges and "zero days jail" on the other. The court did not address any jail-time credit that O'Neal may have accumulated.

2

{¶ 4} O'Neal has filed a timely appeal from each judgment of conviction but assigns error in the misuse of credit cards case only.

## II.    Voluntariness of Plea

{¶ 5} In his first assignment of error, O'Neal argues that his plea was not made in a knowing, intelligent, and voluntary manner because he was not informed of the penalties he could receive if found guilty of the offenses.

{¶ 6} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). A plea that is not made in that manner is invalid. *State v. Bishop*, 2018-Ohio-5132, ¶ 10, citing *State v. Clark*, 2008-Ohio-3748, ¶ 25. Compliance with Crim.R. 11 "'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.'" *State v. Dangler*, 2020-Ohio-2765, ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168 (1975).

{¶ 7} "Crim.R. 11 outlines the procedures courts follow when accepting pleas, and those procedures vary depending on whether the offense is a misdemeanor that is a petty offense, a misdemeanor that is a serious offense, or a felony." *State v. Dean*, 2022-Ohio-2803, ¶ 6 (2d Dist.), citing *State v. Howard*, 2018-Ohio-5160, ¶ 17 (2d Dist.). A "serious offense" is defined as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). A "petty offense," on the other hand, is "a misdemeanor other than a serious offense." Crim.R. 2(D); *State v. Tobe*, 2025-Ohio-489, ¶ 8 (2d Dist.).

{¶ 8} For a petty offense, a trial court is required to comply with Crim.R. 11(E) during the plea hearing. Crim.R. 11(E) provides that the court cannot accept a plea "without first

informing the defendant of the effect of the plea of guilty, no contest, and not guilty." The effect of a guilty plea "is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). Therefore, to satisfy the requirement of informing the defendant of "the effect of the plea" in cases involving a misdemeanor petty offense, the court is required to inform him or her that the plea is a complete admission of guilt. *State v. Jones*, 2007-Ohio-6093, ¶ 20. The information may be provided either orally or in writing. *Id.* at ¶ 51.

{¶ 9} While O'Neal correctly cites to Crim.R. 11(E) for the proposition that the trial court must inform the defendant of the effect of his plea, he goes on to cite several Ohio appellate courts which require more for petty offenses – an advisement of the potential penalties if found guilty. A recitation of the maximum penalty is certainly required for felony pleas, but that is not the case for petty-offense misdemeanors, and we reject O'Neal's position. Our view is in line with the Ohio Supreme Court's holding in *Jones,* which states: "[W]e hold that in accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant **only of the effect** of the specific plea being entered." (Emphasis added.) *Id.* at ¶ 20; *Tobe* at ¶ 11 ("[B]ecause Tobe entered a guilty plea [to a petty offense], the trial court was only required to inform her of the effect of a guilty plea, i.e., that it was a complete admission of guilt.").

{¶ 10} At the plea hearing in this case, the trial court told O'Neal that "a guilty plea is a complete admission of guilt." Tr. p. 4. In doing so, it complied with Crim.R. 11(E) and the Ohio Supreme Court's pronouncement in *Jones.* Accordingly, O'Neal's first assignment of error is overruled.

### III. Jail-Time Credit

{¶ 11} In his second assignment of error, O'Neal contends that the trial court erred when it failed to calculate the amount of jail-time credit to which he was entitled. The State agrees.

{¶ 12} "Whether a defendant is convicted of a felony or a misdemeanor offense, under Ohio law, both are afforded jail-time credit for time served." *State v. Jack*, 2024-Ohio-5594, ¶ 16 (2d Dist.), quoting *Bratenahl v. Eldridge*, 2021-Ohio-1083, ¶ 9 (8th Dist.). The concept is codified in R.C. 2949.08 for offenders sentenced to jail. The statute requires a sentence to be reduced by the "total number of days an offender was confined for any reason arising out of the offense for which the offender was convicted and sentenced[.]" 2949.08(C)(1).

{¶ 13} "[W]hen a trial court sentences a person convicted of a misdemeanor to a jail term, it is required to 'specify the total number of days, if any, that the person was confined for any reason arising out of the offense for which the person was convicted and sentenced' so that the person's sentence is appropriately reduced." *State v. Roweton*, 2025-Ohio-2027, ¶ 25 (2d Dist.), citing R.C. 2949.08(B), (C). The terms of the statute are mandatory, and the trial court's failure to calculate the jail-time credit and include it in the body of the judgment entry is plain error. *Id*.

{¶ 14} Both parties agree (and the record confirms) that the trial court failed to make any findings of jail-time credit at the sentencing hearing or in the judgment entry. The court thus committed plain error, and O'Neal's second assignment of error is sustained.

### IV. Conclusion

{¶ 15} Because it failed to address the issue of jail-time credit, the trial court's judgment as to sentence in Case No. 2025 CRB 00060 is reversed in part and remanded to

5

calculate the jail-time credit to which O'Neal is entitled. The judgments of the trial court are affirmed in all other respects.

. . . . . . . . . . . . .

LEWIS, J., and HANSEMAN, J., concur.